Good morning, and thank you for priority, and may it please the Court, Faye Arf on behalf of Mr. Smith. And it seems to us that the issue here is, at what point does the conflict between the attorney and the client become irreparable? What's the conflict here? Well, the conflict It's hard for me to even see any conflict at all. Well, the conflict is really the fact that you have an attorney who, for some reason, and the client are not communicating. The client sees things from one point of view, and the attorney sees things from the other point of view. And what's critical in this case is the fact that the attorney himself said, I think, if it was up to me, I think we should get another attorney. But he didn't say there was a conflict. Well, he got really close. He said that he said that he said he felt that another attorney should take over the case. And he said that he thought the communications had broken down, that Mr. Smith didn't trust him anymore, that if it was an unfair case, it would be a favorable outcome, it was because of him, they haven't communicated, and they're worlds apart concerning the presentation of the case. So how far does the conflict have to go? Well, mistrust on the part of a client does not necessarily reflect a conflict of interest. It represents, perhaps, just a difficult client. So why would that have required a different result under our very differential standard of review? Well, in this case, again, what's different is a lot of times we see these Marsden motions or motions for new counsel, and counsel says, I don't have a problem. Counsel say, I've been talking to him, I gave him everything, and I don't see a problem. I can still represent him. But in this case, we have a case where the attorney also says, basically, I think the communications have broken down, we're worlds apart concerning the presentation. So I think where you have both parties agree that, you know, it's not working between them, I think that that's what makes the difference in this case. And also, at the stage for a motion for new trial, Mr. Smith also asked for a new attorney. And at that point, again, you have, and I deal with these things a lot with motions for a new trial, you get a judge who's heard the case, who really doesn't want to hear it again, who feels that he's heard everything he needs, and in fact, at sentencing, this court said, I have no doubt that Mr. Smith is the shooter. But what that does is create an issue for appeal, which is one of the reasons why we're here. It is a critical stage of the proceeding, the motion for a new trial. Now, at that point, if he would have got another attorney, then I think that would have made it easier along the road to say, okay, he either did or didn't have ineffective assistance. But if the court would have just given him a little more time, he could have satisfied himself that all the avenues were researched, that counsel did everything he could, and indeed, he was provided with effective counsel. But this guy's going to go on forever and ever and ever, believing that he didn't have an effective attorney at trial. And so at that point — But the fact that he believes it is not binding on the court. I mean, we have — on the State court, or even more strongly on us, so what objectively is in the record to require, not just suggest as more appropriate, but to have required the State court to have reached a different result? Well, again, he said that apparently there were experts that should have been called, that there was another witness who would have corroborated the identification of the witness, Toohey, that would have helped him. So there were things that he could have done that could have been looked over. Sometimes after a case, you see things a little differently, and there might have been things that he could have looked at. So he said he failed to investigate witnesses. He put on the defense, and he said if his attorney would have investigated, he would have found out there was another witness that described the shooter consistent with a different — consistent with a different person. So it's really hard for trial counsel to argue his own ineffectiveness. So he really needed a new attorney. And it seems like a new attorney would have made the difference, and we wouldn't have had these errors to allege. And then — so he alleged a whole bunch of things that doesn't seem like were ever analyzed. It didn't seem like he even asked — the judge didn't ask for a response from Mr. Smith — from Mr. Smith's attorney. And he didn't want to appoint an attorney to represent him. So it seems that even at the beginning, indeed, if there was no breakdown, at the very end, after trial, there seemed to have at least been some arguable issues that Mr. Smith could have had looked into if the court would have appointed a new trial, or at least given him the opportunity for a little more time. And we always question, you know, just give us a little more time. Why the judge, in a life case where the guy ends up with 40 to life, why the court wouldn't give him another, okay, I'll give you 30 days? I mean, why do they have to be, well, I'm going to do it now. I have no doubt that you're the shooter. It seems like the fair thing to do would have been to give Mr. Smith more time to either do it himself or to appoint an attorney for him. So it's not a question of, you know, were there issues or would an attorney have done something different? It's the fair thing to do. When a guy has been convicted of life and he believes he's not guilty, why not give him the 30 days? Why not give him the attorney to help him do a motion for a new trial? It's not really just to satisfy the defendant. It just seems more fair. So unless the court has anything else, I think I can reserve the rest for rebuttal. You may do so. Thank you. May it please the court, Darren Indermill for the warden. The opposing counsel has stated that the trial court needed to make sure that the defendant had satisfied himself, that all of the avenues of investigation had been completed. And that's simply not the legal standard in this case. The trial court does not have any duty to allow the defendant to be satisfied with his, with the handling of his case. It's simply, the legal standard is simply whether there's been effective representation. In fact, a defendant may never be fully satisfied with the way his case is handled by any particular attorney. And the Sixth Amendment does not guarantee a meaningful relationship with counsel. It does not guarantee that a defendant will trust his counsel as appellant has implied in the briefing. Simply, the standard is legal or effective representation. And one more thing I'd like to point out was that counsel repeatedly stated that it would have been the fair thing to do for the court to allow a continuance and let the defendant investigate further courses of action that he might take or look into other avenues. But the fair thing to do is simply not the appropriate legal standard to apply. And the State courts appropriately did not use this particular standard. And unless there's any other questions, I'm prepared to submit. Any other questions? No. You may submit. And, Ms. Arfa, you have several minutes remaining for rebuttal. I think I'll just use a few. In terms of the defendant satisfying himself, perhaps I misspoke. There is a right to due process and a fair trial. And he is entitled to effective representation in a meaningful relationship, except in this case we had a counsel who agreed that another attorney would probably be the appropriate thing to do. And it's just not a matter of fairness. What happens is, particularly in a motion for new trial, is that you can't really show how your counsel's ineffective unless you bring on another counsel to do that. It's kind of a circular argument where it's hard to prove your counsel's ineffective and he needed time. So that was really all we're asking for. I think fairness is consistent with the Constitution, due process and a fair trial. Motion for new trial is a critical stage of the proceeding where he's entitled to effective counsel. He didn't get that at all. In this case he had no motion for new trial at all. All he had was just, well, a two-page transcript's worth of talking about why he should get one. But, indeed, those were of sincere reasons for him to get at least the chance to do a motion for new trial. So that's really our concern also. And unless the Court has anything else, I would submit. I don't believe that we do. Thank you very much. Thank you. Bye-bye. The case just argued is submitted, and we appreciate the arguments of both counsel.
judges: Noonan, Tashima, Graber